

# NUMBERS 13-24-00533-CR, 13-24-00534-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

---

**SAMSON MERLIN GARZA,**                                                      **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                                        **Appellee.**

---

## ON APPEAL FROM THE 94TH DISTRICT COURT
## OF NUECES COUNTY, TEXAS

---

## MEMORANDUM OPINION

**Before Chief Justice Tijerina and Justices West and Fonseca
Memorandum Opinion by Chief Justice Tijerina**

In appellate cause number 13-24-00533-CR, appellant Samson Merlin Garza pleaded guilty to the second-degree felony offense of robbery. *See* TEX. PENAL CODE ANN. § 29.02. In appellate cause number 13-24-00534-CR, appellant pleaded guilty to the third-degree felony offense of evading arrest with a vehicle. *See id.* § 38.04(b)(2(A). The trial court placed him on deferred adjudication community supervision for five years in both causes. The State filed motions to revoke alleging that appellant violated the terms

of community supervision. Appellant pleaded true to the State's allegations that he violated the terms of community supervision by committing two offenses against the laws of Texas and failed to report to the community supervision department on numerous dates in 2022, 2023, and 2024. The trial court found the State's allegations to be "true," revoked appellant's community supervision in both causes, and adjudicated appellant guilty of robbery and evading arrest or detention with a vehicle. The trial court sentenced appellant to ten years' imprisonment for the robbery conviction and two years' confinement for the evading arrest conviction. The trial court ordered the sentences to run concurrently.

Appellant's court-appointed appellate counsel has filed a brief in both causes stating that there are no arguable grounds for appeal. *See Anders v. California*, 386 U.S. 738 (1967). We affirm.

## I. *ANDERS* BRIEF

Pursuant to *Anders v. California*, appellant's court-appointed appellate counsel filed briefs and motions to withdraw with this Court in both causes, stating that his review of the record yielded no grounds of reversible error upon which an appeal could be predicated in either cause. *See id.*; *High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978). Counsel's briefs meet the requirements of *Anders* as each presents a thorough, professional evaluation showing why there are no arguable grounds for advancing an appeal in either cause. *See In re Schulman*, 252 S.W.3d 403, 407 n.9 (Tex. Crim. App. 2008) (orig. proceeding) ("In Texas, an *Anders* brief need not specifically advance 'arguable' points of error if counsel finds none, but it must provide record references to the facts and procedural history and set out pertinent legal authorities."); *Stafford v. State*, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991).

In compliance with *Kelly v. State*, 436 S.W.3d 313, 319 (Tex. Crim. App. 2014), counsel has carefully discussed why, under controlling authority, there is no reversible error in the trial court's judgments. Counsel has informed this Court that he has: (1) notified appellant that he has filed an *Anders* brief and motion to withdraw in both causes; (2) provided appellant with copies of these pleadings; (3) informed appellant of his rights to file a pro se response,[1] to review the record prior to filing that response, and to seek discretionary review if we conclude that the appeals are frivolous; and (4) provided appellant with form motions for pro se access to the appellate records in both causes that only require appellant's signature and date with instructions to file the motions within ten days. *See Anders*, 386 U.S. at 744; *Kelly*, 436 S.W.3d at 319–20. Appellant has not filed a motion for access to the appellate record or a pro se response in either cause.

## II. INDEPENDENT REVIEW

Upon receiving an *Anders* brief, we must conduct a full examination of all the proceedings to determine whether the appeal is wholly frivolous. *Penson v. Ohio*, 488 U.S. 75, 80 (1988). We have reviewed the records and counsel's briefs in both causes, and we have found no arguable reversible error in either cause. *Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005) ("Due to the nature of *Anders* briefs, by indicating in the opinion it considered the issues raised in the brief and reviewed the record for reversible error but found none, the court of appeals met the requirements of Texas Rule of Appellate Procedure 47.1."); *Stafford*, 813 S.W.2d at 509.

---

[1] An appellant's pro se response following the filing of an *Anders* brief "need not comply with the rules of appellate procedure in order to be considered[; r]ather, the response should identify for the court those issues which the indigent appellant believes the court should consider in deciding whether the case presents any meritorious issues." *In re Schulman*, 252 S.W.3d 403, 409 n.23 (Tex. Crim. App. 2008).

### III.  MOTION TO WITHDRAW

In accordance with *Anders*, appellant's court-appointed appellate counsel has filed a motion to withdraw in each cause. *See Anders*, 386 U.S. at 744; *see also In re Schulman*, 252 S.W.3d at 408 n.17 (citing *Jeffery v. State*, 903 S.W.2d 776, 779–80 (Tex. App.—Dallas 1995, no pet.) ("If an attorney believes the appeal is frivolous, he must withdraw from representing the appellant. To withdraw from representation, the appointed attorney must file a motion to withdraw accompanied by a brief showing the appellate court that the appeal is frivolous." (citations omitted))). We grant the motions to withdraw in both causes.

Counsel is ordered to send a copy of this memorandum opinion and its accompanying judgments to appellant, and to advise him of his right to file a petition for discretionary review in each cause, within five days of the date of this memorandum opinion.[2] *See* TEX. R. APP. P. 48.4; *see also In re Schulman*, 252 S.W.3d at 412 n.35; *Ex parte Owens*, 206 S.W.3d 670, 673 (Tex. Crim. App. 2006).

### IV.  CONCLUSION

The trial court's judgments are affirmed.

JAIME TIJERINA
Chief Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed on the
31st day of July, 2025.

---

[2] No substitute counsel will be appointed. Should appellant wish to seek further review by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review. Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the last timely motion for rehearing that was overruled by this Court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed with the clerk of the Texas Court of Criminal Appeals, *see id.* R. 68.3(a), and must comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure. *See id.* R. 68.4.